**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1305**

DANA P. BRIGHAM; PATRICIA M. BRIGHAM,

      Plaintiffs - Appellants,

    v.

PATLA, STRAUS, ROBINSON & MOORE, P.A., a North Carolina
Professional Association; STEVEN I. GOLDSTEIN, Individually
and as Shareholder and/or Partner in and to Patla, Straus,
Robinson & Moore, P.A.; ROBERT A. FREEMAN, III, Individually
and as Shareholder and/or Partner in and to Patla, Straus,
Robinson & Moore, P.A.,

      Defendants - Appellees.

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville. Martin K. Reidinger,
District Judge. (1:15-cv-00069-MR-DLH)

Submitted: December 7, 2016      Decided: December 16, 2016

Before DUNCAN, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dana P. Brigham, Patricia M. Brigham, Appellants Pro Se. E.
Fitzgerald Parnell, III, Cynthia L. Van Horne, POYNER SPRUILL,
LLP, Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dana P. and Patricia M. Brigham sued the North Carolina law firm of Patla, Straus, Robinson & Moore and its attorneys, Steven I. Goldstein and Robert A. Freeman, in the United States District Court for the Middle District of Florida for legal malpractice, breach of fiduciary duty, and fraud. The Florida district court transferred the case to the United States District Court for the Western District of North Carolina after finding that the Florida district court lacked personal jurisdiction over the North Carolina defendants. The defendants then moved to dismiss the action, and the Brighams moved to retransfer the case to the Florida district court. The North Carolina district court, adopting the recommendation of the magistrate judge, refused to retransfer the case and granted the defendants' motion to dismiss.

The Brighams appealed, arguing that their amended complaint established that the Florida district court had personal jurisdiction over the North Carolina defendants, and therefore, that this court should reverse the district court's rulings and retransfer the case to the Florida district court. Finding no error, we affirm.

We review a district court's order denying transfer of venue under 28 U.S.C. § 1404(a) for abuse of discretion. See

2

Brock v. Entre Computer Ctrs., Inc., 933 F.2d 1253, 1257 (4th Cir. 1991).  Although we do not have jurisdiction to review the Florida district court's order to transfer the action to the North Carolina district court, we do have authority to review the North Carolina district court's refusal to transfer the case back to Florida.  See id.  Under § 1404(a), a district court may transfer a civil action to any other district for the convenience of the parties and witnesses and in the interests of justice.  28 U.S.C. § 1404(a).

We conclude that the district court did not abuse its discretion in denying retransfer to the Florida district court because neither convenience nor the interests of justice justify retransfer.  Moreover, the Brighams' attempts to argue that the Florida district court had personal jurisdiction over the North Carolina Defendants impermissibly ask this court to review the Florida district court's order.  See Brock, 933 F.2d at 1257.

Having found proper the district court's denial of the motion for retransfer of venue, we also affirm the district court's dismissal of the Brighams' amended complaint.  Our review of the district court's order confirms that the amended complaint asserted time-barred claims.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>